IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:04-CR-173-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| LUTHER EARL SATTERFIELD, | ) | |
| | ) | |
| Defendant. | ) | |

On November 2, 2020, Luther Earl Satterfield ("Satterfield" or "defendant") moved through counsel for relief under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 [D.E. 162] and filed a memorandum and exhibits in support [D.E. 163]. On November 16, 2020, the government responded in opposition [D.E. 165]. On November 18, 2020, Satterfield's attorney withdrew as counsel [D.E. 167, 168]. On November 19, 2020, Probation submitted a revised Presentence Investigation Report ("PSR") [D.E. 169]. On December 8, 2020, Satterfield replied to the government's response in opposition [D.E. 170]. As explained below, the court grants in part Satterfield's motion for sentence reduction and reduces his sentence to 300 months' imprisonment and four years of supervised release.

I.

On February 3, 2006, a jury found Satterfield guilty of conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base (crack) (count one) and distribution of more than 50 grams of cocaine base (crack) (count two). See [D.E. 15, 76]. On June 21, 2006, the court held Satterfield's sentencing hearing. See [D.E. 82, 83, 97]. At the hearing, the court adopted the facts set forth in the PSR and resolved Satterfield's objections to the PSR. See Fed. R. Crim. P.

32(i)(3)(A)–(B); [D.E. 83]; Sent. Tr. [D.E. 97] 4–47. The court calculated Satterfield's total offense level to be 40, his criminal history category to be II, and his advisory guideline range to be 324 to 405 months' imprisonment. See [D.E. 83]; Sent. Tr. [D.E. 97] 47. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Satterfield to 372 months' imprisonment. See [D.E. 83] 2; Sent Tr. [D.E. 97] 47–64. Satterfield appealed [D.E. 84]. On November 8, 2007, the United States Court of Appeals for the Fourth Circuit affirmed this court's judgment. See United States v. Satterfield, 254 F. App'x 947, 953 (4th Cir. 2007) (per curiam) (unpublished); [D.E. 103].

On June 24, 2009, Satterfield moved to vacate and set aside his sentence under 28 U.S.C. § 2255. See [D.E. 115]. On September 3, 2009, the government moved to dismiss. See [D.E. 124]. On October 30, 2009, Satterfield moved for a sentence reduction under 18 U.S.C. § 3582(c)(2). See [D.E. 126]. On January 19, 2010, the court granted the government's motion to dismiss, denied Satterfield's motions, and denied a certificate of appealability. See Satterfield v. United States, No. 5:04-CR-173-D, 2010 WL 6711365 (E.D.N.C. Jan. 19, 2010) (unpublished); [D.E. 129–31]. Satterfield appealed [D.E. 133]. On August 27, 2010, the Fourth Circuit affirmed in part this court's judgment and dismissed in part Satterfield's appeal. See United States v. Satterfield, 393 F. App'x 87, 88 (4th Cir. 2010) (per curiam) (unpublished); [D.E. 148, 149].

On May 25, 2010, Satterfield moved for relief under Federal Rule of Civil Procedure 60(b)(2). See [D.E. 145]. On December 10, 2012, Satterfield moved for another sentence reduction under 18 U.S.C. § 3582(c)(2). See [D.E. 151]. On October 3, 2013, the court dismissed Satterfield's motions and denied a certificate of appealability. See [D.E. 153]. Satterfield appealed [D.E. 154]. On March 27, 2014, the Fourth Circuit affirmed in part this court's judgment and dismissed in part Satterfield's appeal. See United States v. Satterfield, 562 F. App'x 163, 164–65 (4th Cir. 2014) (per

2

curiam) (unpublished); [D.E. 157, 158].

On August 3, 2010, Congress enacted the Fair Sentencing Act of 2010 ("Fair Sentencing Act"), Pub. L. No. 111-220, 124 Stat. 2372 (codified as amended at 21 U.S.C. § 801, et seq.). Section 2 of the Fair Sentencing Act reduced statutory penalties by increasing the drug quantities necessary to trigger certain statutory minimums and maximums. For example, the amount of cocaine base (crack) necessary to trigger a 5 to 40 year sentence increased from 5 to 28 grams. Likewise, the amount of cocaine base (crack) necessary to trigger a 10 year to life sentence increased from 50 grams to 280 grams. See id. § 2, 124 Stat. at 2372.

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. The First Step Act makes the Fair Sentencing Act's reductions in mandatory minimum sentences apply retroactively to defendants who committed their "covered offense" of conviction before August 3, 2010. See id. § 404(a), 132 Stat. at 5222. Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act ... that was committed before August 3, 2010." Id. Under the First Step Act, a "court that imposed a sentence for a covered offense may ... impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 ... were in effect at the time the covered offense was committed." Id. § 404(b), 132 Stat. at 5222. A court that modifies a sentence under the First Step Act does so under 18 U.S.C. § 3582(c)(1)(B), which allows a court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B); see United States v. Woodson, 962 F.3d 812, 815–17 (4th Cir. 2020); United States v. Chambers, 956 F.3d 667, 671 (4th Cir. 2020); United States v. Wirsing, 943 F.3d 175, 183 (4th Cir. 2019); United States v. Alexander, 951 F.3d 706, 708 (6th Cir. 2019). If a defendant qualifies, courts may consider a motion for a reduced sentence only if the defendant did not previously receive

3

a reduction pursuant to the Fair Sentencing Act and did not have a motion under the First Step Act denied "after a complete review of the motion on the merits." First Step Act § 404(c), 132 Stat. at 5222.

Under the First Step Act, the district court adjusts the sentencing guideline calculations "as if the current lower drug offense sentences were in effect at the time of the commission of the offense." United States v. Curry, 792 F. App'x 267, 268 (4th Cir. 2020) (per curiam) (unpublished) (quotation omitted); see Chambers, 956 F.3d at 671–72. "Nothing in . . . section [404(c) of the First Step Act]," however, "shall be construed to require a court to reduce any sentence pursuant to this section." First Step Act § 404(c), 132 Stat. at 5222; see, e.g., United States v. Gravatt, 953 F.3d 258, 261 (4th Cir. 2020); Wirsing, 943 F.3d at 184–86; United States v. Barnes, No. 3:94cr80 (DJN), 2020 WL 1281235, at *3 (E.D. Va. Mar. 17, 2020) (unpublished); United States v. Latten, No. 1:02CR00011-012, 2019 WL 2550327, at *1–4 (W.D. Va. June 20, 2019) (unpublished).

The court assumes without deciding that Satterfield's new advisory guideline range is 324 to 405 months' imprisonment based on a total offense level 40 and a criminal history category II. See [D.E. 169] 2; cf. [D.E. 170] 2 (acknowledging that the advisory guideline range did not change); [D.E. 163] 4–5 (same). The court has discretion to reduce Satterfield's sentence. See Gravatt, 953 F.3d at 262–64; Wirsing, 943 F.3d at 184–86; Barnes, 2020 WL 1281235, at *3; Latten, 2019 WL 2550327, at *1–4.

The government asks the court not to alter Satterfield's sentence. Satterfield's counsel requested a sentence reduction from 372 months' imprisonment to 324 months' imprisonment. After discharging counsel, Satterfield requested a sentence of time served.

The court has completely reviewed the entire record, the parties' arguments, the new advisory guideline range, and all relevant factors under 18 U.S.C. § 3553(a). See Chavez-Mesa v. United

4

States, 138 S. Ct. 1959, 1966–68 (2018); Chambers, 956 F.3d at 671–75; United States v. May, 783 F. App'x 309, 310 (4th Cir. 2019) (per curiam) (unpublished). As for Satterfield's offense conduct, Satterfield engaged in prolonged, serious drug dealing between 1995 and 2004. See PSR ¶¶ 11–13. Satterfield was responsible for the possession and distribution of approximately 50 kilograms of cocaine base (crack) and 8 kilograms of powder cocaine. See Sent. Tr. at 18–46; cf. PSR ¶¶ 11–13. Satterfield also acted as a leader in the drug trafficking conspiracy, hiring two individuals to collect money from drug sales and to deliver the narcotics. See PSR ¶ 13.

Satterfield has minimal criminal history, with only one prior conviction for resisting public officer. See id. ¶ 15. Moreover, Satterfield has taken many positive steps while incarcerated. Satterfield has completed over 400 hours of programming, including obtaining his General Educational Development (GED) certificate. See [D.E. 163] 3; [D.E. 163-1] 1–2. Satterfield also has maintained steady employment while incarcerated, paying his financial obligations in full. See [D.E. 163] 3–4; [D.E. 163-1] 1, 3. While in the BOP, Satterfield has received no infractions and is categorized as low security. See [D.E. 163] 4; [D.E. 163-1] 2; [D.E. 170] 3. Satterfield also has a supportive family and plans to live with his sister and work as an automobile mechanic upon release. See [D.E. 163] 4; [D.E. 163-3]. Balancing Satterfield's prolonged, serious criminal conduct, and the volume of cocaine base (crack) and cocaine that Satterfield distributed, with Satterfield's minimal criminal history, lack of infractions, personal development while incarcerated, supportive family, the need to promote respect for the law, the need to impose just punishment, the need to deter others, and the need to incapacitate Satterfield, the court reduces Satterfield's sentence to 300 months' imprisonment and four years of supervised release. See, e.g., 18 U.S.C. § 3553(a); cf. Chavez-Mesa, 138 S. Ct. at 1966–68; Chambers, 956 F.3d at 671–75; Barnes, 2020 WL 1281235, at *3; Latten, 2019 WL 2550327, at *1–4. All other aspects of the judgment remain the same.

5

Furthermore, in light of the prolonged serious nature of the criminal conduct and the volume of cocaine base (crack) and cocaine that Satterfield distributed, the court rejects Satterfield's request for a time served sentence. Such a reduction would not promote respect for the law or provide just punishment

In reaching this decision, the court has considered the entire record, the parties' arguments, and the section 3553(a) factors. However, even if the court miscalculated the new advisory guideline range, it would impose the same reduced sentence in light of the entire record and the section 3553(a) factors. See 18 U.S.C. § 3553(a); United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 161–65 (4th Cir. 2012).

II.

In sum, the court GRANTS in part Satterfield's motion for reduction of sentence [D.E. 162] and REDUCES his prison sentence to 300 months' imprisonment and his term of supervised release to four years. All other aspects of the judgment remain the same.

SO ORDERED. This 18 day of March 2021.

JAMES C. DEVER III
United States District Judge

6

Case 5:04-cr-00173-D   Document 172   Filed 03/18/21   Page 6 of 6